# NO. 12-20-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHAD DERRIC WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Chad Derric Williams appeals following the revocation of his deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with sexual assault of a child and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for ten years.

Subsequently, the State filed a motion to revoke Appellant's community supervision alleging that Appellant had violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated his community supervision by smoking marijuana, going to a pornographic drive-in and adult bookstore in Tyler, Texas on two separate occasions, and possessing a pornographic DVD and watching it on two separate occasions. A hearing was conducted on the State's motion, at which Appellant pleaded "not true" to the alleged violations.

In support of its motion, the State elicited testimony from Van Zandt County Probation Officer Stefani Clark and Polygraph Examiner James Gallagher. Clark testified that she

supervised Appellant during his community supervision and explained how the admissions Appellant made during the interview before his polygraph examination demonstrated that he violated the conditions of his community supervision. Thereafter, Appellant questioned Clark extensively about the procedure for requesting, as well as the general fairness of, conducting a polygraph examination as part of Appellant's community supervision.

Gallagher testified generally about the typical procedure for a test conducted prior to a polygraph exam, as well as about the examination itself and the post-test interview. Gallagher also testified that Appellant voluntarily took the examination and made statements during his pre-test interview, which included his admitting to (1) using marijuana on December 17, 2019, (2) owning a pornographic DVD, which he viewed on two occasions during the term of his community supervision, and (3) visiting a pornographic drive-in movie/adult bookstore in Tyler, Texas on two occasions during the term of his community supervision where he viewed pornographic movies.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. At a subsequent hearing, the trial court revoked Appellant's community supervision, adjudicated him "guilty" of sexual assault of a child, and sentenced him to imprisonment for eight years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d

2

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* **In re Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered November 23, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 23, 2021**

**NO. 12-20-00260-CR**

**CHAD DERRIC WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR16-00288)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*